IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ANDREW MORGAN                                                                                    PETITIONER

v.                                                                         CIVIL ACTION NO. 5:23-CV-75-KS-MTP

BURL CAIN                                                                                        RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 filed by Petitioner Andrew Morgan and Respondent's Motion to Dismiss [18] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [18] be granted and the Petition [1] be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY

On May 3, 2019—following his guilty plea to grand larceny in the Adams County Circuit Court—Petitioner was sentenced as a habitual offender to serve ten years in the custody of the Mississippi Department of Corrections without eligibility for reduction, suspension, parole, or probation. ([18-3]).

Thereafter, Petitioner filed multiple motions for post-conviction relief in the state courts, the first of which was filed on November 18, 2021.[1] All of these motions were eventually denied.

---

[1] The PCR motion was stamped filed on December 1, 2021, but was signed by Petitioner on November 18, 2021. ([16-2] at 2-6). Mississippi follows the "mailbox rule" with respect to PCR motions filed by *pro se* prisoners. *See Sykes v State,* 757 So. 2d 997, 1000-01 (Miss. 2000); *see also Causey v. Cain*, 450 F.3d 601, 606-07 (5th Cir. 2006) (holding that the application of the "mailbox rule" to state court filings is a matter of state law to be respected by the federal courts.) Under the "mailbox rule" a prisoner's pleading is deemed filed when he delivers it to the prison

On July 24, 2023, Petitioner submitted the instant Petition for Writ of Habeas Corpus [1].[2]  On May 14, 2024, Respondent filed a Motion to Dismiss [18] arguing that the Petition is barred by the statute of limitations under 28 U.S.C. § 2244(d).  Petitioner did not file a response, and the time to respond was long since passed.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court.  Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review.  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

---

officials for mailing. Giving Petitioner the benefit of the doubt, the undersigned will assume that his PCR motion was delivered to prison officials on November 18, 2021.

[2] The Petition was signed on July 24, 2023, and stamped filed on August 14, 2023. "Under the 'mailbox rule,' a prisoner's federal habeas petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999). Weighing all doubts in petitioner's favor, the undersigned will use the earlier date of July 24, 2023.

In Mississippi, a state prisoner cannot directly appeal a guilty plea. *See* Miss. Code. Ann. § 99-35-101. "Instead, following a guilty plea, a Mississippi state prisoner's only state-law avenue to postconviction relief is via a PCR motion." *Wrenn v. State*, 121 So.3d 913, 914–15 (Miss. 2013). Although there is no direct appeal in state court for a guilty plea, the prisoner may seek a direct review to the Supreme Court of the United States. *Wallace v. Mississippi* 43 F.4th 482, 499 (5th Cir. 2022). If, as here, the prisoner fails to seek review from the Supreme Court, the judgment becomes final 90 days after sentencing, when the time for seeking a writ of certiorari in the Supreme Court expires. *Id.* The Adams County Circuit Court sentenced Petitioner on May 3, 2019. ([18-3]). Accordingly, Petitioner's judgment became final—and the statute of limitations for federal habeas relief began to run—on August 1, 2019 (May 3, 2019 plus 90 days). Petitioner was required to file his federal habeas petition by August 3, 2020,[3] unless he is entitled to statutory and/or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner filed this habeas matter on July 24, 2023, nearly four years after the judgment became final.

***Statutory Tolling***

Whether statutory tolling occurred during the period between the judgment becoming final on August 1, 2019, and Petitioner filing his federal habeas Petition on July 24, 2023, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitations period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. Petitioner filed his first PCR motion on November 18,

---

[3] One year from August 1, 2019, is August 1, 2020, which is a Saturday, and the next available business day is Monday August 3, 2020.

2021. ([16-2] at 2-6). By the time Petitioner filed his first PCR motion,[4] the time for filing a federal habeas petition had already expired. Accordingly, Petitioner's PCR motions did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d) because it was not filed until after the limitation period expired). Since the Petitioner's PCR filings did not toll the statute of limitations, his federal habeas petition remained due to be filed on August 3, 2020.

*Equitable Tolling*

The decision to apply the equitable tolling doctrine to the one-year limitations period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently . . . ." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner argues that he does not understand the law and had no law library or help and that Covid-19 affected the filing of his petition. ([8] at 5; [9] at 5). Neither a petitioner's

---

[4] Petitioner filed a total of three PCR motions. ([16-2] at 2-6; [16-3] at 18-23; [16-4] at 16-22).

"unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (noting that a petitioner's pro se status, lack of legal training, and ignorance of the law and filing deadlines do not support equitable tolling); *Fisher*, 174 F.3d at 713 (holding that "ignorance of the law" and "limited access to outside information" do not support equitable tolling).

Concerning Petitioner's alleged lack of access to a law library, "the Fifth Circuit has been reluctant to extend equitable tolling to claims based on inadequate law library." *Dixon v. Epps,* 2012 WL 568706, at *2 (S.D. Miss. Feb. 21, 2012) (collection cases). Petitioner has no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). To invoke tolling, Petitioner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a claim." *Id.* He must show "that the lack of adequate legal materials actually prevents him from timely filing his habeas petition." *Krause v. Thaler,* 637 F.3d 5589, 561 (5th Cir. 2011). Here, Petitioner has failed to explain how the prison's inadequate library or legal assistance program prevented him from filing a timely habeas petition.

Turning to Petitioner's assertion that Covid-19 affected the filing of his petition, "numerous federal circuit and district courts have held that the COVID-19 pandemic does not satisfy the burden of proving rare and exceptional circumstances." *Wilson v. Cain*, 2023 WL 5803702, at *3 (S.D. Miss. Sept. 7, 2023) (collecting cases). Moreover, petitioner "must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Wells v. Cain*, 2023 WL 4417292, at

5

\*4 (S.D. Miss. May 31, 2023) (citing *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021). Petitioner has not shown that Covid-19 prevented him from filing a timely habeas petition despite reasonable diligence. Petitioner did not file his Petition until July 24, 2023, well after the pandemic. Equitable tolling is not warranted.[5]

*Fundamental Right/ Illegal Sentence Exception*

Petitioner argues that "correction of an improper sentence is a fundamental right and cannot be restricted by the successive motion or statute of limitations." ([1] at 4). Fundamental right exceptions apply to motions brought under Mississippi's Uniform Post-Conviction Collateral Relief Act ("UPCCRA"), not federal habeas petitions. *Moberg v. Cain*, 2023 WL 4108200, at \*4 (S.D. Miss. June 21, 2023). Furthermore, "AEDPA has no exception for constitutional claims and expressly precludes them if they are filed too late." *Williams v. Shaw*, 2021 WL 3722337, at \*2 (S.D. Miss. Aug. 23, 2021); *see also Wilson v. Cain*, 2023 WL 5803702, at \*3 (S.D. Miss. Sept. 7, 2023) ("[D]istrict courts in Mississippi consistently have held that a petitioner's claim of an illegal sentence is not grounds for equitable tolling of the statute of limitations"). Thus, the Petition remains barred by the statute of limitations.

*Evidentiary Hearing*

Petitioner requests a "hearing" on the ground that the district attorney, the judge, and Petitioner's attorney knew or should have known that the sentence was illegal, thus interfering with his civil rights. ([1] at 3). The standard of review to be applied by this Court is set forth in 28 U.S.C. § 2254(d)(1), which provides that a federal court may not grant habeas relief unless

---

[5] It bears noting that during the period where Petitioner claims that Covid-19 and an inadequate library prevented him from filing a timely federal habeas petition, he was able to file three (3) separate state PCR petitions. The first one was filed on November 18, 2021 ([16-2] at 2-6), the last one filed on May 18, 2023 ([16-4] at 16-22).

the state court's adjudication of the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d).  The United States Supreme Court has made clear that the "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id*. at 185.  "The import of *Pinholster* is clear: because [the petitioner's] claims have already been adjudicated on the merits, § 2254 limits our review to the record that was before the state court." *Lewis v. Thaler*, 701 F.3d 783, 791 (5th Cir. 2012).

Even if any of Petitioner's claims fall outside the scope of § 2254(d), which applies only to adjudication on the merits in state court, Petitioner has failed to meet the standard for an evidentiary hearing set forth in § 2254(e)(2).  Section 2254(e)(2) limits the discretion of federal habeas courts to take new evidence in an evidentiary hearing; it provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Petitioner has failed to meet any of the requirements for an evidentiary hearing. Therefore, the undersigned recommends that Petitioner's request for an evidentiary hearing be denied.

## CONCLUSION

Petitioner's state court conviction became final on August 1, 2019. Based on the one-year limitations period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal petition by August 3, 2020. Petitioner filed his petition on July 24, 2023. Petitioner has failed establish that statutory or equitable tolling is appropriate. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [18] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 29th day of July, 2024.

                                                    s/ Michael T. Parker
                                                    United States Magistrate Judge